United States District Court
Southern District of Texas
**ENTERED**
December 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROXANNE MARTONE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3369 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This lawsuit arises out of the heat-related death of a prisoner, Michael Martone, at the Huntsville Unit of the Texas Department of Criminal Justice (TDCJ). Mr. Martone's daughter, Roxanne Martone, brings a § 1983 claim against Brad Livingston, Rick Thaler, William Stephens, Owen Murray, Richard Alford, James Jones, Lanette Linthicum, Patricia Rye, Peggy McCleskey, and Kerry Collard, in their individual capacities, for violations of Mr. Martone's right to protection from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Plaintiff also brings a claim against the TDCJ and the University of Texas Medical Branch (UTMB) for violating Title II of the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendment Act ("ADAAA"), and Section 504 of the Rehabilitation Act of 1973, as well as a negligence claim against only UTMB. (Doc. No. 1.)

Defendants have filed before this Court a Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(c), 12(h)(2), and 19(a). (Doc. No. 127.) Defendants seek the dismissal of Plaintiff's survival claims, brought under the Texas Survival Statute, for lack of capacity and failure to join indispensable parties. (*Id.* ¶ 5.) Defendants also seek dismissal of Plaintiff's wrongful death claims, brought under the Texas Wrongful Death Act, because the

1

claims have not been brought for the benefit of all surviving beneficiaries. (*Id.* ¶¶ 24–26.) Plaintiff has sued Defendants "in her individual capacity as a statutory beneficiary under the Texas Wrongful Death Act and as representative of [Michael] Martone's estate." (Complaint, Doc. No. 1 ¶ 7.) Because Plaintiff has not been appointed as representative of Michael Martone's estate and has not yet proven that no administration of the estate is necessary, the claims brought on behalf of the estate will be abated until Plaintiff is appointed as the estate's representative, or Plaintiff proves that no administration of the estate is necessary, or all indispensable parties have been joined. Plaintiff's wrongful death claims will be abated until the Complaint is amended to comply with the Texas Wrongful Death Act requirement that the suit be brought for the benefit of all beneficiaries listed in the statute.

## I. BACKGROUND

Michael Martone died while incarcerated in a Texas Department of Criminal Justice prison. (Doc. No. 1, at 1.) He left behind three adult children, including Plaintiff. (Doc. No. 127-1, at 5.) His death certificate also stated that he had a surviving spouse, Debra Mackin. (Doc. No. 127-3, at 2.) The Complaint alleges that "[a]t the time of his death, Martone had no minor children. He died intestate, and there were no probate proceedings arising from his death, as none were necessary." (Doc. No. 1, at ¶ 7.) The Complaint states that "Plaintiff Roxanne Martone, in her capacities as heir-at-law to the Estate of Michael Martone, asserts a survival claim on behalf of the estate . . . ." (*Id.* at 43, ¶ 163.) Plaintiff also asserts wrongful death claims in her individual capacity. (*Id.* at 44.)

## II. LEGAL STANDARDS

A plaintiff in Texas must have both standing and capacity in order to bring a lawsuit. *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (Tex. 2005). "Standing under the Civil Rights Statutes is

guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a). Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under [42 U.S.C. § 1983]." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (citing *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 390–91 (5th Cir.1992)). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–50 (2005) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (1998)).

    A.    **Survival Statute Claims**

Courts have recognized that, where the individual bringing suit on behalf of the estate is not the estate's representative, the question is one of capacity; the estate plainly has standing. *See, e.g., Lovato*, 171 S.W.3d. at 848–50 ("A change in the status of the party authorized to assert the decedent's personal injury claim, however, does not change the fact that the decedent has been personally aggrieved and would not, therefore, eliminate the decedent's justiciable interest in the controversy."); *Pluet*, 355 F.3d at 383 ("Although Fredrick Pluet's estate would have standing under the [Texas Survival Statute] to pursue his 28 U.S.C. § 1983 claims, at the time she filed her complaint, Sandra Hardeman was not the administrator of Fredrick Pluet's estate."). When a person is appointed administrator of an estate, she acquires the capacity to assert a survival claim on the estate's behalf. *Id.* A lack of capacity can be cured if a plaintiff later acquires capacity. *Id.*

However, it is not necessary for the plaintiff to become appointed administrator of an estate if the plaintiff alleges and proves that no administration of the estate is pending and none is necessary. *Lovato*, 171 S.W.3d. at 850–51. "[A] family agreement regarding the disposition of the estate's assets can provide support for the assertion that no administration of the decedent's

estate is necessary." *Id.* at 851.

### B. Wrongful Death Claims

Under the Texas Wrongful Death Act, "[t]he surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all." Tex. Civ. Prac. & Rem.Code § 71.004(a). "All or anyone of the parties, to whom the right of action is given, may bring suit and where it is brought by only one [or some but not all] of the parties, it *must appear* that the suit was brought for the benefit of all." *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App. 1997). "So when the suit is not prosecuted for the benefit of all of said parties, and this is developed during the trial, it is the duty of the court, when requested in a motion for new trial, to set aside the verdict . . . because all the beneficiaries named in the act are necessary parties." *Id.* It is not, however, necessary for the suit to be brought with the knowledge and consent of all the beneficiaries; it is enough that the suit appear to be brought for their benefit. *Id.*

### III. ANALYSIS

In order to have the capacity to bring claims on behalf of Michael Martone's estate, Plaintiff must either (1) become appointed as the estate's representative; (2) prove that no administration of the decedent's estate is pending and none is necessary (either through a family agreement or by other means); or (3) join all the other heirs to the estate. *Lovato*, 171 S.W.2d at 851; *Frazier v. Wynn*, 472 S.W.2d 740, 752 (Tex. 1971); *Pitner v. United States*, 388 F.2d 651, 656 (5th Cir. 1967); Fed. R. Civ. P. 19. Although Plaintiff has alleged that no administration of the estate is necessary, that allegation alone is insufficient to establish capacity and move forward with the survival claims.

Plaintiff is correct that Texas law allows later-acquired capacity to cure prior lack of

capacity, even if by the time capacity is acquired, the statute of limitations has run on the claims brought. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856 (2005); *Damian v. Bell Helicopter Textron, Inc.*, 352 S.W.3d 124, 142–43 (Tex. App. 2011). In two cases decided on the same day, the Texas Supreme Court made clear that post-limitations acquisition of capacity cures a pre-limitations lack of capacity, and the survival claim is not barred by the statute of limitations because the subsequent acquisition of capacity relates back. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856. Furthermore, *Lovato* provides that, when capacity is challenged, "the trial court should abate the case and give plaintiff a reasonable time to cure any defect." *Lovato*, 171 S.W.3d at 853 n. 7. The survival claims on behalf of the estate will therefore be abated until Plaintiff cures the defect in her capacity.

It does not appear from the face of the complaint that the wrongful death claims are brought on behalf of all of the parties named in the Wrongful Death Act. Plaintiff claims to have incurred damages including "past and future mental anguish" and "past and future loss of companionship," but the Complaint does not include allegations of damages to Michael Martone's other children, surviving spouse, or parents. (Doc. No. 1, at 44.) The Court anticipates that this defect can easily be cured if Plaintiff amends the Complaint to include such claims.

## IV. CONCLUSION

For the foregoing reasons, the Partial Motion to Dismiss is **DENIED AS MOOT WITHOUT PREJUDICE TO REFILING**. The survival claims on behalf of the estate shall be abated until Plaintiff establishes her capacity to represent the estate, and the wrongful death claims shall be abated until Plaintiff amends the Complaint to bring the claims on behalf of all

the proper parties.  Plaintiff has until February 16, 2016 to do so.

**IT IS SO ORDERED.**

**SIGNED** on this the 17th day of December, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE